UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Harold Saunders, Jr., #11022-058, *a/k/a Edward H. Saunders, Jr.* | ) C/A:  8:09-1134-JFA-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Mary M. Mitchell, Warden FCI Edgefield; Stella Y. Stephens, Assoc. Warden Operation; Ken Yeich, Assoc. Warden Administration; Oscar Acosta, Assoc. Warden Programs; Charles Collie, Captain, | ) ) ) **Report and Recommendation** ) ) ) |
| Defendants. | ) |

_____

The Plaintiff, Edward Harold Saunders, Jr. (Plaintiff), proceeding *pro se*, brings this action alleging violation of Plaintiff's constitutional rights.[1] Plaintiff is an inmate at FCI Edgefield, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names FCI Edgefield employees as Defendants.[2] Plaintiff seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>Pro Se and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

On May 1, 2009, Plaintiff filed a document entitled "Emergency Writ of Habeas Corpus for a Show Cause Order." (Docket Entry No. 1). In the document, which named the Warden of FCI Edgefield, Mary M. Mitchell, as the sole Defendant, Plaintiff stated that he was being refused access to typewriter ribbons, which were needed to meet "imminent court filing deadlines." (Plaintiff's complaint, page one). As Plaintiff appeared to be alleging a denial of access to the court, his complaint was construed as a civil rights action.

Plaintiff failed to pay the filing fee, or submit an application to proceed *in forma pauperis* with his initial filing. Plaintiff also failed to provide any service documents with the complaint. Therefore, an Order directing Plaintiff to bring the case into proper form for initial review and possible service of process was issued on May 5, 2009. (Docket Entry No. 4). Plaintiff partially complied with the proper form Order on May 18, 2009, by submitting an application to proceed *in forma pauperis* (Form AO-240). (Docket Entry No. 5). Plaintiff also filed a motion on that date, requesting an extension of his proper form deadline until June 26, 2009. (Docket Entry No. 6). Plaintiff's motion for leave to proceed *in forma pauperis* and motion for an extension were granted by an Order issued on May 21, 2009. (Docket Entry No. 9).

On June 10, 2009, Plaintiff submitted the requested service documents and also filed an amended complaint, which added Defendants Stephens, Yeich, Acosta, and Collie to this action. (Docket Entry No.'s 10 and 12). Plaintiff's amended complaint indicates that the Defendants have continued "to deprive [P]laintiff of typewriter ribbons from March 2009 to present, by refusing to sell them, provide them, or substitute with another apparatus." (Plaintiff's amended complaint, page 4). Plaintiff states that he has been incarcerated for "approximately two decades and has other petitions to be filed in the trial court and letters to be sent to other governmental officials in aid for his release and this would be appropriate as well as professional in typewritten form." (Plaintiff's amended complaint, page 10).

Plaintiff's amended complaint further claims that the Defendants have subjected him to verbal abuse and/or have made verbal threats in response to Plaintiff's requests for typewriter ribbons. Plaintiff also complains that the inmate law library is inadequate, and that no electronic legal library is available to the Plaintiff.

## Discussion

Plaintiff is bringing suit against several federal employees. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims

is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Plaintiff alleges that his right to court access has been denied due to the Defendants' refusal to provide typewriter ribbons for sale in the commissary and/or failure to provide an alternative apparatus for Plaintiff to prepare his legal documents and letters. Plaintiff further claims that he has not been provided access to an electronic legal library and that the existing legal library at FCI Edgefield is inadequate.

It is well established that to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A Plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

Plaintiff's complaint indicated that he had a filing deadline "for April 22, 2009" in two cases.[3] (Plaintiff's complaint, page one). Plaintiff's amended complaint indicates that Plaintiff has "imminent deadlines" regarding "ongoing litigation." (Amended complaint, page two). However, Plaintiff provides no information in either of his pleadings to indicate that the allegedly inadequate law library, or the Defendants failure to provide typewriter ribbons, has actually caused Plaintiff to miss a filing deadline or otherwise negatively impacted any of Plaintiff's litigation. The lack of typewriter ribbons has certainly had no effect on the instant case, as Plaintiff has timely responded to all of the Court's Orders via handwritten documents. Thus, Plaintiff fails to establish a constitutional claim for denial of meaningful access to the courts.

Plaintiff also claims that he has been subjected to verbal abuse and verbal threats as a result of his requests for typewriter ribbons. Specifically, Plaintiff states Defendant Collie used profanity towards Plaintiff and threatened to have Plaintiff "locked so far away I'll be retired by the time somebody figure[s] out what's going on." (Plaintiff's amended complaint, page 7). Plaintiff states his unit counselor, who is not named in this action, also used profane language towards Plaintiff. When Plaintiff complained about the verbal abuse to Defendant Mitchell, she allegedly stated, "if you come to me with one more complaint I'm going to have you transferred so far away from home no one will know where you're at." (Plaintiff's amended complaint, page 8).

A threat of harm, combined with action designed to carry out the threat, may state an Eighth Amendment claim. *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978). However, verbal abuse of an inmate by guards, without more, states no claim. *Morrison*

---

[3] Plaintiff original complaint references Case Action No.'s (C/A No.'s)09-6349 and 08-333-GRA.

*v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd Morrison v. Martin*, 917 F.2d 1302 (4th Cir. 1990). Here, Plaintiff contends that Defendants Collie and Mitchell made verbal threats and/or were verbally abusive toward the Plaintiff. While the alleged comments would be unprofessional and inappropriate, such behavior does not rise to the level of a constitutional violation, absent some indication that Defendants Collie and Mitchell took action to carry out the threat. As Plaintiff provides no information to indicate that any of the Defendants have acted on the alleged verbal statements, Plaintiff fails to state a cognizable claim for verbal abuse.[4]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff has also filed a document entitled "Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Consolidating the Hearing with the Trial." (Docket Entry No. 11). In this motion, Plaintiff seeks an injunction to restrain the Defendants from possible retaliation against the Plaintiff.

As indicated above, Plaintiff's complaint and amended complaint claim Plaintiff has been verbally threatened by some of the named Defendants. However, Plaintiff's pleadings contain no facts to indicate that any Defendant has taken steps toward carrying out such verbal statements. Preliminary relief directed to running a prison should be granted only in compelling circumstances, *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994), and Plaintiff has failed to make a strong showing of irreparable harm if the injunction were to be denied. *See Scotts Company v. United Industries Corporation*, 315 F.3d 264,

---

[4] Plaintiff's amended complaint indicates that he has received no disciplinary infractions at FCI Edgefield. (Plaintiff's amended complaint, page 9, footnote one).

271 (4th Cir.2002) (discussing factors used to determine whether injunctive relief should be granted prior to trial).  Therefore, it is further recommended that Plaintiff's "Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Consolidating the Hearing with the Trial" be denied.

    Plaintiff's attention is directed to the important notice on the next page.

                                s/Bruce Howe Hendricks
                                United States Magistrate Judge

July 8, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).