IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Edward Harold Saunders, Jr., #11022-058, | ) | C/A No.: 8:09-1134-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mary M. Mitchell, Warden FCI Edgefield; | ) | |
| Stella Y. Stephens, Associate Warden of | ) | |
| Operations; Ken Yeich, Associate Warden of | ) | |
| Administration; Oscar Acosta, Associate | ) | |
| Warden of Programs; Charles Collie, Captain. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Edward Saunders, is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. The plaintiff contends that the defendants have violated his constitutional rights by depriving him of typewriter ribbons and subjecting him to verbal abuse in connection with his request for the ribbons. He seeks monetary damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the complaint should be dismissed for failure to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

state a claim. Because the defendants are federal employees, the Magistrate Judge evaluated the complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) which is analogous to a claim brought against state officials under 42 U.S.C. § 1983. The Magistrate Judge further suggests that plaintiff's motion for a temporary restraining order and for a preliminary injunction should be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without the need for a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and has done so within the prescribed time limits.

As the Magistrate Judge correctly notes, an inmate must allege specific injury resulting from the alleged denial of meaningful access to the courts, that is, the defendants' alleged refusal to provide typewriter ribbons for sale, an alternative to typewriters, or access to an electronic legal library. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). In this case, the plaintiff has failed to make any specific allegations to any actual injuries he sustained or how the defendants' alleged actions have negatively impacted any of plaintiff's litigation. The court also takes notice of the Magistrate's point that the plaintiff has timely responded to all of the court's orders in this case via handwritten documents. The court finds the plaintiff has failed to establish a constitutional claim on this issue.

With regard to the plaintiff's claims that he was subjected to verbal abuse and threats by the defendants as a result of his requests for typewriter ribbons, this court agrees with the Magistrate Judge's finding that the defendants' alleged comments would appear

unprofessional, but such behavior does not rise to the level of a constitutional violation. The plaintiff has failed to state a cognizable claim for verbal abuse.

Finally, the plaintiff has filed a motion for a temporary restraining order and a motion for a preliminary injunction. A TRO may be granted under Rule 65(b) only if it clearly appears from the specific facts shown by affidavit or the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). In her Report, the Magistrate also considered the factors outlined in the Fourth Circuit case of *Scotts Co. v. United Indus. Corp., 315 F.3d 264* (4th Cir. 2002). The Magistrate opines that (1) the plaintiff has not made a strong showing that he will suffer irreparable injury if the TRO is not issued; (2) and as a result, the court cannot balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. The undersigned agrees with the Magistrate Judge's conclusion that these motions must be denied.

The plaintiff's objections, styled as a "motion for reconsideration," merely restate the claims he has set forth in his original and amended complaints. The plaintiff also incorrectly states that the undersigned granted his motion to proceed *in forma pauperis* when in fact the Magistrate Judge granted the motion on May 21, 2009. Plaintiff also seeks to amend his complaint for a second time. The court will overrule the objections and deny his request to amend the complaint.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's

unprofessional, but such behavior does not rise to the level of a constitutional violation. The plaintiff has failed to state a cognizable claim for verbal abuse.

Finally, the plaintiff has filed a motion for a temporary restraining order and a motion for a preliminary injunction. A TRO may be granted under Rule 65(b) only if it clearly appears from the specific facts shown by affidavit or the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). In her Report, the Magistrate also considered the factors outlined in the Fourth Circuit case of *Scotts Co. v. United Indus. Corp., 315 F.3d 264* (4th Cir. 2002). The Magistrate opines that (1) the plaintiff has not made a strong showing that he will suffer irreparable injury if the TRO is not issued; (2) and as a result, the court cannot balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. The undersigned agrees with the Magistrate Judge's conclusion that these motions must be denied.

The plaintiff's objections, styled as a "motion for reconsideration," merely restate the claims he has set forth in his original and amended complaints. The plaintiff also incorrectly states that the undersigned granted his motion to proceed *in forma pauperis* when in fact the Magistrate Judge granted the motion on May 21, 2009. Plaintiff also seeks to amend his complaint for a second time. The court will overrule the objections and deny his request to amend the complaint.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's

recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process. Additionally, plaintiff's motions for a temporary restraining order, for a preliminary injunction, and to consolidate the hearing with the trial are denied.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 3, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge